956 F.2d 270
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oliver William DAVIS, Defendant-Appellant.
 No. 91-5857.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1992.
 
 Before KEITH and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Oliver W. Davis, a pro se Georgia prisoner, appeals the district court's judgment denying his motion for a new trial under Fed.R.Crim.P. 33. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A Tennessee jury convicted Davis on two counts of possession of a firearm by a convicted felon for which he received two concurrent fifteen year sentences. Davis appealed his convictions which were affirmed by this court.
 
 
 3
 Davis filed a motion under Fed.R.Crim.P. 33 for a new trial based on newly discovered evidence. The district court denied the motion. Davis has filed a timely appeal and a motion for a new trial with this court. He also requests pauper status, oral argument, and the appointment of counsel.
 
 
 4
 The district court's decision denying a motion for a new trial is reviewed under the abuse of discretion standard. United States v. Seago, 930 F.2d 482, 488 (6th Cir.1991); United States v. O'Dell, 805 F.2d 637, 640 (6th Cir.1986), cert. denied, 484 U.S. 859 (1987).
 
 
 5
 Davis has failed to present any new evidence which would entitle him to a new trial. Davis also raised several issues of law which were addressed and rejected by this court in his prior appeal. The district court did not abuse its discretion in denying Davis's motion. See Seago, 930 F.2d at 488; O'Dell, 805 F.2d at 640. His motion for a new trial with this court is inappropriate.
 
 
 6
 Accordingly, we grant the request for pauper status, deny his remaining requests for relief, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.